IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**SHAKEEM HERATIO CRAWFORD**,

          Petitioner,

v.

**UNITED STATES OF AMERICA,**

          Respondent.

Civil No.:  3:19CV13
Criminal No.: 3:06CR69
(JUDGE BAILEY)

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On February 4, 2019, SHAKEEM HERATIO CRAWFORD ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Civil Action No. 3:19CV13, ECF No. 1; Criminal Action No. 3:06CR69, ECF No. 308).[1] The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

### II.   FACTS

Petitioner was adjudged guilty of conspiracy to distribute "crack" cocaine in violation of 21 U.S.C. 847, distribution of "crack" cocaine in violation of 18 U.S.C. 841(a)(1), possession with intent to distribute "crack" cocaine in violation of 18 U.S.C.

---

[1] From this point forward, unless specifically noted, all ECF Numbers refer to Petitioner's Criminal Action.

1

841(a)(1), and aiding and abetting possession with intent to distribute "crack" cocaine in violation of 18 U.S.C. 841(a)(1), and 18 U.S.C. 2.  On December 11, 2007, the Petitioner was sentenced to a term of 360 months imprisonment on each of the four counts to run concurrently followed by 10 years of supervised release for one count and 6 years of supervised release for each of the other counts to run concurrently. Judgment, ECF No. 196.  According to the Pre-Sentence Report ("PSR"), Petitioner was a career offender within meaning of U.S.S.G. § 4B1.1 of the guidelines for the following reasons (1) Petitioner was 18 years or older at the time of the commission of the instant offense; (2) the instant offense was a felony involving a controlled substance; and (3) Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense. PSR at 5, ECF No. 188.

The Petitioner did file an appeal of his conviction or sentence, which conviction was affirmed by the Fourth Circuit Court of Appeals on September 5, 2008. ECF No 212.

On August 26, 2009, the Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 232. On January 27, 2011, United States Magistrate Judge John S. Kaull entered a Report and Recommendation in which he recommended that the Petitioner's § 2255 Motion be denied and dismissed on the merits. R&R, ECF No. 253. On February 22, 2011, the Court adopted the Report and Recommendation, and denied and dismissed the Motion to Vacate with prejudice. ECF No. 255.

In his second Motion to Vacate Under 28 U.S.C. § 2255, (Civil Action No. 3:16cv60) the Petitioner alleged that pursuant to the decision in Johnson v. United

2

States[2], his career offender status was no longer valid under the residual clause. On May 12, 2016, a Report and Recommendation was entered which recommended that this second § 2255 Motion be denied and dismissed as second or successive. ECF No. 313. On June 7, 2017, the Report and Recommendation was adopted, and the Petitioner's second §2255 Motion was denied and dismissed with prejudice. ECF No. 321.

In his third § 2255 Motion, the Petitioner alleges that under "Simmons," he is no longer a career offender. For relief, he seeks to be resentenced. For the reasons set forth below, the Petitioner's current § 2255 Motion is due to be dismissed.

### III.  ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. For a motion to be considered successive, a prior motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

---

[2] 135 S.Ct. 2551 (2015).

Here, the first of Petitioner's prior habeas petitions was dismissed on the merits. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion and Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:19 cv , ECF No. 1; Criminal Action No. 3:06CR69, ECF No. 352] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable JOHN PRESTON BAILEY, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completed the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

5

The Clerk is further directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 11, 2019.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE